IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   9/1/16
```

Adage Enterprise Inc.,
       Plaintiff,     1:16 Civ. 03968 (LGS)
    -v-
Attitudes in Dressing Inc.,     [~~PROPOSED~~] CIVIL CASE
       Defendant.   MANAGEMENT PLAN AND
              SCHEDULING ORDER

LORNA G. SCHOFIELD, United States District Judge:

  This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

*1.* All parties **DO NOT** consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  *[If all parties consent, the remaining paragraphs need not be completed.]*

2. The parties **HAVE** conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules and the parties' proposed dates in this order have been adjusted accordingly.

  a. An employment case governed by the Initial Discovery Protocols for Employment cases? http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713. **NO**

  b. A § 1983 case governed by the Plan for Certain § 1983 Cases Against the City of New York? http://www.nysd.uscourts.gov/rules/1983%20Revised%20Plan%20and%20Exhibits.11.22.2013.pdf. **NO**

  c. A patent case subject to the Local Patent Rules? http://www.nysd.uscourts.gov/rules/Standing_Order_In_re_Local_Patent_Rules.p df. **YES**.   **Plaintiff and Defendant agree that the Local Patent Rules may apply to this case, with the caveat that the parties also agree that claim construction and a Markman hearing may not be necessary in this case.   Defendant reserves its right to challenge the validity of the patents and their scope following further investigation and discovery in this matter.**

4. Alternative Dispute Resolution/Settlement

  a. Settlement discussions **HAVE** taken place.  **Defendant provided Plaintiff with a**

1

        **letter articulating in detail Defendant's position with respect to the allegations in the Complaint on July 15, 2016, to which Plaintiff responded on July 27, 2016. Following the Rule 26(f) conference, on August 2, 2016, Plaintiff provided a settlement proposal at Defendant's request to Defendant which is under review.**

    b.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

        **The Parties are giving further consideration to an informal exchange of information for the purposes of settlement, and shall exchange documents and information pursuant to the Court's discovery protocols in good faith.**

    c.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

        **According to the Judge's order of reference to a magistrate judge issued on August 11, 2016, the parties agree to participate in mediation before Magistrate Judge Henry B. Pitman.**

    d.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        **According to the Judge's order of reference to a magistrate judge issued on August 11, 2016, the parties agree that a settlement conference before Magistrate Judge, Henry B. Pitman take place within 60 days of the initial pretrial conference**.

    e.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5.    No additional parties may be joined after **October 1, 2016** without leave of Court.

6.    Amended pleadings may be filed without leave of Court until **October 1, 2016**.

7.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **August 18, 2016**. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.    Fact Discovery

    a.    All fact discovery shall be completed no later than **December 30, 2016**. *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]* **In light of the application of the Court's Order dated August 11, 2016, the circumstances**

        **have changed and require that the parties build in certain patent scheduling dates, which impacts the initial proposed schedule the parties submitted to the Court on August 5, 2016.**

b.     Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by **September 6, 2016**. **After serving initial requests for the production of documents and things, the parties may serve additional documents requests after the August 29 date provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

c.     Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by **September 6, 2016. After serving initial interrogatories in accordance with Local Rule 33.3, the parties may serve additional interrogatories after this date provided that such interrogatories likewise comply with the Local Rules and that all fact discovery is completed by the date set forth in paragraph 8(a)**.

d.     Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by **December 23, 2016**.

e.     Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by **October 15, 2016. The parties may serve additional requests to admit after this date provided that all fact discovery is completed by the date set forth in paragraph 8(a) Further, this deadline shall not apply to requests to admit that seek information on the genuineness and authenticity of any document.**

f.     Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9.     Claim Construction

        **As described in 3.C. in the above, parties agree to exchange infringement contentions and invalidity contentions and their respective due dates are proposed below. However, parties agree that claim construction and a Markman hearing are not necessary in this case as this case is a design patent case, not a utility patent case, unless the Court directs otherwise. If the Court would like to proceed with claim construction and a Markman hearing, Defendant proposes the schedule set forth in paragraphs 9(c) through 9(j) below.**

        **The parties anticipate bringing motions for summary judgment. Plaintiff proposes dates for opening, opposing and rebuttal submission dates as set forth in 9.k. below. If the Court determines that claim construction and a Markman hearing are not necessary, then Defendant proposes that summary judgment motions should proceed in accordance with Judge Schofield's Individual Rules and Procedures for Civil Cases. As to a pre-trial case management date in 14.c. on which we determine the necessity for motion for summary judgment, we leave the date blank in deference to the Court's schedule.**

a. Disclosure of Asserted Claims and Infringement Contentions shall be served by **September 26, 2016** [*Within 45 days after the Initial Pretrial Conference.*]

b. Disclosure of Invalidity Contentions shall be served by **November 10, 2016** [*Within 45 days after the services of the Disclosure of Asserted Claims and Infringement Contentions.*]

Plaintiff offers the below dates from 9. c to 9.j are listed as "Not Applicable" because the parties agree that claim construction and a Markman hearing dates are not necessary in this case. The below dates set forth in paragraphs 9.c through 9.j are proposed by Defendant if the Court would like to proceed with claim construction and a Markman hearing.

c.

d.

e.

f.

g.

h.

i.

j.

k. Any motion for summary judgment shall be filed no later than **February 23, 2017.** Any response to a motion for summary judgment shall be filed no later than **March 27, 2017**. Any reply in rebuttal to a response for summary judgment shall be filed no later than **April 3, 2017.**

10. Expert Discovery [if applicable]

   a. Anticipated types of experts if any:
   **Plaintiff may utilize a ballet shoe expert concerning any alleged the dance shoe designs in the market and damage experts. Defendants anticipate expert testimony on the issues of validity, infringement and damages.**

   b. All expert discovery shall be completed no later than **February 13, 2017**. *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* **However, should the Court determine that claim construction briefing and a Markman hearing are necessary, then Defendant proposes that all expert discovery should be completed no later than February 8, 2017.**

   c. By **November 30, 2016** *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden *of* proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 10(a).

11. This case **IS** to be tried to a jury.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is **Four(4) days to Six(6) days**.

13. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

   a. **Scope of Discovery**.

   **(i) Plaintiff expects to conduct discovery on the following topics: the concept, design, research, development, prototyping, reduction to practice, manufacturing of the accused products design information of the accused products, the marketing, advertising, and promotional plan of accused products. All the financial costs, expenses and profit information including the costs, fixed, variable, marketing, advertising, sales commissions, distribution costs, shipping costs, rebates, actual regulatory, legal research and development, gross profits, net profits, manufacturing of the accused products, of distributors, resellers and customers**

   **(ii) Defendant expects to take discovery on the following topics: the research and development of Plaintiff's patents and footwear; the prosecution history of Plaintiff's patents; the functionality of Plaintiff's claimed designs, trade dress or product configurations; the market for Plaintiff's footwear; the sales of Plaintiff's footwear; the advertising and marketing of Plaintiff's footwear; Plaintiff's alleged acquired distinctiveness or secondary meaning of the purported trade dress or product configuration(s) of its asserted footwear; the absence of actual confusion; the**

5

state of the marketplace for dance shoes; third party use of similar footwear designs; Plaintiff's policing of and efforts to enforce rights in the alleged designs covered by the claimed design patents and trade dress; Plaintiff's agreements with third parties concerning use of the claimed design patents and trade dress; Plaintiff's motivation for instituting the instant lawsuit; Plaintiff's knowledge of Defendant and its predecessors, as well as products marketed and sold by them; Plaintiff's delay in pursuing the claims asserted in the Complaint; alleged damages sustained by Plaintiff; Plaintiff's licensing of its claimed designs; and Plaintiff's calculation of damages allegedly arising from the claims in the Complaint.

b.    **Electronic Discovery Issues**.

The parties have conferred initially on format of production of Electronically Stored Information (ESI) , and will continue to discuss the format for producing such information.  The parties agree that Judge Schofield's Individual Rules and Procedures for Civil Cases regarding electronic discovery shall apply.

c.    **Privilege and Confidentiality Issues**.

The parties anticipate that disclosure of confidential/proprietary information, including but not limited to sales information, sales records and history, manufacturing costs and product development, will be governed by a Protective Order.  The parties will confer and submit a proposed Protective Order governing such disclosures in discovery in accordance with the Local Rules and the Rules of this Court.

The parties will also confer on whether the costs and burdens of discovery may be reduced by entering into a non-waiver agreement pursuant to Fed. R. Evid. 502.

d.    **Changes to Limitations on Discovery**.

At this time, the parties do not contemplate any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Southern District of New York's Local Rules, except that Defendant may seek leave to conduct more than 10 depositions, which would include third party manufacturers, designers and retailers of dance footwear. Plaintiff will leave the number with the court.

e.    **Other Considerations**.
(\*This is Defendant's Other Consideration Only. Plaintiff does not agree.)

Pursuant to Fed R. Civ P. 16(c), the Court may consider and take appropriate action to eliminate frivolous claims and amend the pleadings.  Defendant is contemplating a motion for judgment on the pleadings with respect to Counts III (common law trade dress infringement and unfair competition), IV (unfair competition under the New York General Business Law §349) and V (misappropriation of the Complaint.  Count IV of the Complaint is ripe for dismissal, as Plaintiff has failed to allege public harm beyond general confusion. *See Boarding Sch. Review LLC v. Delta Career Educ. Corp*., 108 U.S.P.Q.2d 1785 (S.D.N.Y. 2013)

6

**(dismissing Section 349 claim where the only public harm alleged constituted no more than "general consumer confusion"). In addition, Counts III, IV and V are pre-empted by federal patent law because they merely restate claims that are or could be brought under the federal patent statutes.** *See Carson Optical, Inc. v. Prym Consumer USA, Inc*.**, 11 F. Supp. 3d 317, 328 (E.D.N.Y. 2014) (finding plaintiff's claims of unfair competition, including allegations that defendant "misappropriated the labors and expenditures" of plaintiff, were preempted by Federal patent law, as plaintiff's allegations "fail[ed] to identify specifically the alleged wrongful conduct undertaken by defendants apart from patent infringement, constitute[d] a boilerplate recitation of an unfair competition cause of action, and thus are insufficient to establish a plausible claim of bad faith misappropriation under New York law."). Defendant broached such motion with Plaintiff on August 4, 2016, served a written letter to Plaintiff outlining its position on August 17, 2016, and requested that Plaintiff withdraw the claims to try and narrow the issues in this matter. Plaintiff rejects Defendant's request for such withdrawal of the claims.**

14. Status Letters and Conferences

   a. By **October 12, 2016** *[60 days after the commencement of fact discovery]*, the parties shall submit a status letter, as outlined in Individual Rule IV.A.2.

   b. By **January 14, 2017** [*14 days after the close of fact discovery*], all counsel must confer to discuss settlement and jointly advise the Court in writing whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

   c. On March 2, 2017 at 10:30 A.M. *[usually 14 days after the close of discovery]*, a case management conference shall be held. The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial.

      i. A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.1. The Court will set the briefing schedule at the conference. The Court will set a firm trial date after a decision on any summary judgment motion.

      ii. If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pre-trial submissions, a final pre-trial conference and trial. The trial date will be firm.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(a)-(b), (k), 10(b)-(c) and 14(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: 9/1/16
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

/s/ *Joon Park*  /s/ *Paul J. Reilly*

Joon H. Park, Esq.
Park Legal Counsel Group, PLLC
140 Broadway, 46th Floor
New York, NY 10005
Tel: (212)858-7580
jpark@plcglaw.com
ap@plcglaw.com

*Attorneys for Plaintiff*

Paul J, Reilly, Esq.
Baker Botts L.L.P.
30 Rockerfeller Plaza, 44th Floor
New York, NY 10112
Tel: 212-408-2500
paul.reilly@bakerbotts.com
robert.maier@bakerbotts.com
suzanne.hengl@bakerbotts.com

*Attorneys for Defendant*